IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORRAINE BASIL HORNER, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. |
| | ) | |
| v. | ) | |
| | ) | |
| ALLEGHENY GENERAL HOSPITAL, | ) | |
| WEST PENN ALLEGHENY HEALTH | ) | |
| SYSTEM t/d/b/a ALLEGHENY GENERAL | ) | |
| HOSPITAL, and WEST PENN | ) | |
| ALLGEHENY HEALTH SYSTEM, | ) | **A JURY TRIAL IS DEMANDED** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### INTRODUCTION

1. This action is filed on behalf of Lorraine Basil Horner arising from defendants' failure to hire the plaintiff for the position of "Manager, Inventory and Purchasing Pharmacy Department" even though the plaintiff was the best qualified person for the position having held essentially the same position with Allegheny General Hospital in previous years. The plaintiff contends that the defendants' decision not to hire her for the open position of "Manager, Inventory Purchasing Pharmacy Department", violated her right to be free from sexual discrimination as provided for under Title VII of the Civil Rights Act of 1967, as amended, 42 U.SC. §2000(e), et. seq. and/or under the Pennsylvania Human Relations Act, as amended 43 P.S. 951, et. seq. (PHRA), and that such decision also violated her rights under the Age Discrimination In Employment Act, as amended 29 U.S.C. §621 et. seq. The hiring decisions at issue in this case occurred on or about December 1, 2005 when the defendants hired Matthew Partsch, an adult male in his 30s for the open position. The claims asserted herein also

apply to a subsequent hiring decision made by the defendants to hire David Cessare on or about April, 2006 for the same position which had been vacated by Mr. Partsch in February, 2006, without considering the plaintiff for the subsequent opening even though defendants knew she was available and interested in the position. As to the latter hiring decision plaintiff's claim is based solely upon sexual discrimination.

**JURISDICTION**

2. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §451, 1331, 1343 and 1345, and upon the doctrine of pendent and/or supplemental jurisdiction over any state law claims.

3. All of the violations of plaintiff's rights, alleged herein, occurred within the Western District of Pennsylvania, venue is, therefore, properly in the Western District of Pennsylvania under 28 U.S.C. §1291(B).

**PARTIES**

4. Lorraine Basil Horner is an adult female, date of birth August 26, 1955, who resides in the City of Pittsburgh, Allegheny County, Pennsylvania. At all times relevant hereto, the plaintiff applied for the open position of "Manager, Inventory Purchasing Pharmacy Department", with the defendants for which she was the best qualified candidate and who was rejected for such positions based upon her age and/or sex.

5. The plaintiff prior to filing the instant lawsuit, exhausted all necessary administrative procedures by filing appropriate charges with the Equal Employment Opportunity Commission (EEOC) and/or Pennsylvania Human Relations Commission.(PHRC) A copy of the charge of discrimination filed on behalf of Ms. Horner is attached hereto as Exhibit 1 and made a part hereof.

6.  The defendants Allegheny General Hospital, West Penn Allegheny Health System trading and doing business as Allegheny General Hospital and West Penn Allegheny Health System, are corporate entities with a principal place of business located at 320 East North Avenue, Pittsburgh, PA 15212.

7.  At all times relevant hereto, the aforesaid corporate defendants were an "employer" as that term has been defined in the applicable statutes and acted by and through their duly authorized agents, assignees and/or employees, who were then and there acting within course and scope of their employment.

8.  As a result of the defendants' conduct as hereinbefore described, the plaintiff has suffered lost wages, benefits and other remuneration and continues to sustain such loss of income and/or other benefits and remuneration.

9.  As a result of the defendants' conduct as hereinbefore described, the plaintiff has suffered embarrassment, humiliation, and emotional distress.

WHEREFORE, the plaintiff requests this Honorable Court to enter judgment in her favor for compensatory and/or punitive and/or liquidated damages and to award her such other relief as is appropriate and equitable under the circumstances and to award her costs and attorney's fees incident to the successful completion of this litigation.

Respectfully submitted,

/s/ Timothy P. O'Brien
Timothy P. O'Brien, Esquire
PA I.D. #22104
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219
Attorney for plaintiff